# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 5, 1907.

---

THE MAYOR AND CITY COUNCIL OF BALTIMORE

VS.

THOMAS J. SHRYOCK ET AL.

---

*Joseph S. Goldsmith* for plaintiff.

*John M. Carter* and *R. Fuller Shryock* for defendants demurring.

ELLIOTT, J.—

The hearing in this case arises upon a demurrer filed by Thomas J. Shryock and the Safe Deposit and Trust Company of Baltimore to the bill filed by the Mayor and City Council of Baltimore, praying that permission be granted it to pay into this court certain awards made by the Burnt District Commission of Baltimore, for a lot of ground desired to be acquired by the said Mayor and City Council, under and in accordance with . Section 4 of Chapter 87 of the Acts of Assembly 1904.

The relief asked for by the bill is based upon the following provision of law, codified as Section 827 of Article IV of the Public Local Laws, title City of Baltimore, as amended by Chapter 25 of the Acts of Assembly, 1906: "827. Whenever any property shall have been condemned in any form of proceeding for the use of the Mayor and City Council of Baltimore, and in consequence of infancy, insanity or absence from the city of any person or persons entitled to receive any money awarded in any such proceeding, conflicting claims, refusal to accept, or any other cause, such money cannot be safely and reasonably paid to any person or persons; it shall be lawful for the Mayor and City Council of Baltimore to file a bill or petition in any court of equity in the city or county where the property is condemned, or any portion therein lies, and whenever such court shall be satisfied that for any of the reasons aforesaid, said Mayor and City Council of Baltimore should be permitted to pay the said money into such court, it shall pass such decree as it shall deem proper, and the payment of any money into court under any such decree or order shall be considered in all respects equivalent to a tender thereof to any person or persons entitled to such money, and who may be made a party or parties to such proceeding."

The allegation is made in the third paragraph of the bill that the Mayor and City Council of Baltimore "Is ready and willing to pay the amounts awarded therefor by the Burnt District Commission to such person or persons as may be legally entitled thereto, but upon making a further examination of the title to the aforesaid property, your complainant ascertained that in consequence of facts and circumstances hereinafter set forth, your complainant cannot safely or reasonably pay said sums of money to any person or persons, and is therefore entitled to file this bill and to secure the intervention and direction of this Honorable Court." Then follow certain recitals as to title. These recitals may be briefly summarized as follows: In 1816 a certain Thomas McElderry acquired title to the lots in question, and in 1810 died, leaving eleven children, among whom the greater portion of his estate was partitioned, there being at the time of the said partition only seven of his children surviving. The lot of ground concerned in this cause appears not, however, to have been partitioned, but the claim is made that each of the said seven children took an undivided one-seventh interest in said lot.

In 1831 Henry McElderry, one of said seven children, conveyed all of his interest and estate in and to said lot of ground to a certain William West, and in 1870 the heirs-at-law of the said West conveyed said land to William Henry Shryock, under whom Thomas J. Shryock and the Safe Deposit and Trust Company of Baltimore now claim.

These latter parties by their demurrer admit all the matters of fact stated in the bill, but claim that they are together entitled to the lot of ground proposed to be taken, and are therefore entitled to the amount of the awards made by the Burnt District Commission for such taking and they insist that such being the case, there is no occasion whatever for the filing of the bill by the Mayor and City Council of Baltimore, and that the same should be dismissed. The issue is therefore made between the complainant on the one hand and the demurrants on the other necessarily involving a question of title. There is, however, the preliminary question as to who should be the real parties to such controversy, and upon whom is the responsibility of a decision. It must be quite clear that Section 827 above quoted was intended to meet just such a case of uncertainty as the present, and it must not be forgotten that public officials are entitled to both the aid and protection of the courts in carrying out public enterprises which must not be delayed or prevented by putting upon such officials the sole responsibility of deciding questions fraught with particular interest

to the public, and involving injury to it if erroneously decided. Even were this court at liberty to say whether or not the ground upon which the complainant has asked for the intervention this court was justified by the express terms of Section 827, it might very well overrule the demurrer for the single reason that the facts alleged do not alone show an absolute title in the parties demurring. This becomes immediately evident when it is recalled that the deed to William West could not at the time of its execution have conveyed more than an undivided one-seventh interest in said ground, and that therefore, if the whole of said title is now in the demurrants, it has been acquired by an adversary possession as against the McElderry heirs by William West, and those claiming under him. As to this the court expresses no opinion further than to say that there is no allegation to that effect in the bill, and there is no answer in the cause setting up any such claim. Moreover, if the demurrer should be sustained and the bill dismissed, there would be no opportunity for a settlement of this question, and the Mayor and City Council of Baltimore would be compelled either to take the property with this question of title open, or to let the property go and abandon the improvements. But there is the absolute controlling reason which requires this court to overrule the demurrer.

In the quotation from the bill already made, we have the direct affirmation that the Mayor and City Council of Baltimore cannot safely or reasonably pay the awards to any person or persons. If that be true as a matter of fact, the condition of affairs has arisen where this court must grant the relief prayed. And it is this very condition of affairs which has by the demurrer been admitted to exist. In the case of Shipley vs. Fink, 102 Md., at page 222, his Honor, Judge Pearce, in delivering the opinion of the court, says: "Upon demurrer, a bill should not be dismissed, if, by any reasonable construction of the language of its averments a case is stated entitling the plaintiff to the relief sought." And it is quite clear that in ruling upon the demurrer the court is confined to and controlled by the allegations of the bill.

It would make no difference therefore what may be the degree of uncertainty or the measure of risk that might exist in a settlement by the Mayor and City Council for the land in question, so long as the demurrer necessarily admits the existence of reasonable doubt as to the condition of title, and to that extent makes the provisions of Section 827 applicable.

The court will therefore pass an order overruling the demurrer, and granting the relief prayer for by the complainant, leaving the other questions involved for future consideration and determination.